533 P.2d 744

STATE of Idaho, Plaintiff-Respondent,

v.

Jean Louise BARCHAS, Defendant-Appellant.

No. 11560.

Supreme Court of Idaho.

April 1, 1975.

Rudolf D. Barchas, Rayborn, Rayborn, Barchas & Ronayne, Twin Falls, for defendant-appellant.

W. Anthony Park, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., James P. Kaufman and Jake W. Peterson, Asst. Attys. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Jean Louise Barchas, the defendant-appellant, was found guilty in magistrate's court of a violation of I.C. § 49–107[1] for operating a motor vehicle displaying an expired registration. She appealed the decision to the district court where the decision of the magistrate's court was affirmed. Mrs. Barchas then appealed from the district court's decision. The principal issue which this court must consider on this appeal is whether the state's construction of I.C. § 49–113,[2] providing for the issuance of pressure sensitive registration stickers to designate the year or period of registration on vehicle license plates, was

1. "49–107. Owner to secure registration in county of residence or from director.—a. Every owner of a motor vehicle, trailer or semi-trailer who intends to operate the same upon any highway in this state shall before the same is so operated, apply to the assessor of the county in which he resides and obtain the registration thereof * * *."

2. The relevant portions of I.C. § 49–113 provide that
"a. The assessor shall also furnish to every owner whose vehicle shall be registered by him one (1) number plate for a motorcycle, trailer, or semi-trailer and two (2) number plates for every other motor vehicle. The assessor shall furnish such number plates for a five-year period commencing with the year 1968 and each fifth year thereafter. *In any year during which number plates are not furnished, the assessor shall furnish for each registration a pressure-sensitive registration sticker to designate the year or period of registration. This registration sticker shall be serially numbered, shall show the calendar*

erroneous. It is the conclusion of this court that the judgment must be reversed.

On December 27, 1971, appellant was issued a "Uniform Traffic Ticket and Complaint" by a State Police Officer charging her with a violation of I.C. § 49–107 alleging: "Expired plates, Oct. 1971". (See also, I.C. § 49–125.)[3] According to the stipulation of facts, the appellant's vehicle had displayed on it Idaho license plates with pressure sensitive registration stickers attached. Printed on each sticker was the word "Idaho", a serial number and the numeral "71". No designation of the actual registration period appeared on the sticker or license plate.

Under the statutes concerning vehicle registration, I.C. §§ 49–126,[4] 49–126A,[5] and

49–102,[6] it is contemplated that the registration of vehicles whose license numbers end with the numeral "1" shall expire annually on January 31; the registration of those vehicles whose license plate numbers end with the numeral "2" expires annually on February 28 or 29, and so on for each month of the year through September. The registration of those vehicles whose license plate numbers end with the numeral "0" expires annually on October 31. I.C. § 49–126 provides that the months of November and December shall be considered the eleventh and twelfth periods, respectively.

The magistrate heard the case on the stipulation of facts and arguments of counsel, and held that the registration card

---

*year or registration period for which it is issued, and shall be valid only for that year or registration period.* Providing that number plates issued for state, county and city motor vehicles shall be permanent and remain on the vehicle for which issued from year to year, and need no renewal.

"b. *Every number plate shall have displayed upon it* the registration number assigned to the vehicle and to the owner thereof, also the name of this state which may be abbreviated and the *year number or registration period for which it is issued.* * * *."* (Emphasis added.)

3. "49–125. Violations of registration provisions.—It shall be unlawful for any person to commit any of the following acts:

1. To operate or for the owner thereof to permit the operation upon a highway of any motor vehicle, trailer or semi-trailer which is not registered and which does not have attached thereto and displayed thereon the number plate or plates assigned thereto for the current registration year, subject to the exemptions allowed in sections 49–115, 49–117 (c), 49–118, 49–120, 49–125A, and 49–206— 49–211 as amended by this act. * * *."

4. "49–126. Operating fees for passenger carrying motor vehicles.—(1) All vehicles required by this section to be registered shall be registered for a period of twelve (12) consecutive calendar months. All vehicles required by any other section of this chapter to be registered shall be registered for a calendar year.

(2) There are twelve (12) registration periods, each of which shall start on the first day of a calendar month and end on the last day of the twelfth month from the date of beginning. The periods shall be designated,

in accordance with the ending date, as follows:

  (a) January 31, first period.
  (b) February 28 or 29, second period.
  (c) March 31, third period.
  (d) April 30, fourth period.
  (e) May 31, fifth period.
  (f) June 30, sixth period.
  (g) July 31, seventh period.
  (h) August 31, eighth period.
  (i) September 30, ninth period.
  (j) October 31, tenth period.
  (k) November 30, eleventh period.
  (l) December 31, twelfth period.

3. A vehicle that has once been registered for any of the above designated periods shall, upon reregistration, be registered for the period bearing the same number. * * *."

5. "49–126A. Powers of department relating to registration period.—(1) The department is empowered and authorized to administer section 49–126, Idaho Code, and to effect and enforce all administrative regulations, including the proration of fees, necessary to accomplish the enforcement of this section. * * *."

6. "49–102. Duties of department and director. —a. It shall be the duty of the department and all officers thereof to enforce the provisions of this chapter.

b. The director is hereby authorized to adopt and enforce such administrative rules and regulations and to designate such agencies as may be necessary to carry out the provisions of this chapter. He shall also provide suitable forms for applications, registration cards, registration number plates, use fee number plates, 'D.V.' plates, and all other forms requisite for the purpose of this chapter, and shall prepay all transportation charges thereon."

issued with the stickers gave sufficient notice of the expiration date of the registration. Upon appeal, the district court affirmed the judgment of the magistrate's court, ruling that the Department of Law Enforcement's determination of the registration period expiration dates superceded a failure by the county assessor to comply with the provisions of I.C. § 49–113, supra, which requires the assessor to furnish a registration sticker which shows "the calendar year or registration period for which it is issued".

The appellant contends, in effect, that I.C. § 49–113 requires that the registration sticker discloses the expiration date by year if it is for a calendar year, and if not for a calendar year, then the expiration date of the period of registration (see, I.C. § 49–126(1), n. 4, supra, which establishes twelve separate registration periods). Appellant further argues that since only the number "71" appeared on the sticker given by the assessor, the number "71" indicated the registration for the year "1971", and not for any of the twelve separate registration periods, and thus the registration expired on December 31, 1971. Appellant concludes that the registration sticker had not expired when she was cited on December 27, 1971.

It is the conclusion of the court that I.C. § 49–113 discloses that the legislature intended that the calendar year of registration be designated on the sticker if the registration period of the vehicle was for the whole calendar year, and that the actual registration period be designated on the sticker if the registration period of the year was for one of the twelve periods specified by I.C. § 49–126. By amending I.C. § 49–113 in 1969 (S.L.1969, Ch. 70, pp. 218–220), the legislature intended a change from the previous act. DeRousse v. Higginson, 95 Idaho 173, 505 P.2d 321 (1973). The legislature, by amending the statute, expressed its intent that notice of the expiration of the registration period should be given by means of the pressure sensitive registration sticker attached to the license plates, and that this notice should designate the expiration of the registration period, not the calendar year during which the registration expires.

I.C. § 49–147 specifies that "[i]t shall be unlawful and constitute a misdemeanor for any person to violate any of the provisions of this chapter * * *". However, when the failure to comply with the statutory provisions is attributable to the failure of the pressure sensitive sticker to set forth the specific period for which registration was issued, this criminal conviction for a charge occurring in calendar year 1971 cannot be sustained.

The judgment is reversed.

McQUADE, C. J., and DONALDSON and BAKES, JJ., concur.

SHEPARD, J., dissents without written opinion.